## Xin Yi LIU, Petitioner,

v.

## Alberto R. GONZALES,[1] Attorney General, Respondent.

### No. 04–5042–AG.

United States Court of Appeals, Second Circuit.

Feb. 9, 2006.

Frank R. Liu, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamara Phipps, Ashley B. Moody, Assistant United States Attorney, Jacksonville, Florida, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xin Yi Liu petitions for review of an August 31, 2004 decision by the BIA affirming a June 2003 decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA affirms the IJ's opinion without issuing an independent decision, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

We agree with the IJ that implausibilities and contradictions between Liu's testimony and the documentary evidence undermined his credibility. Accordingly, it cannot be said that any reasonable factfinder "would have been compelled to conclude to the contrary." *Id.* at 73.

Because the only evidence of a threat to the petitioner's life or freedom depended on the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Finally, Liu did not challenge the denial of his CAT claim before the BIA, thus failing to satisfy, with respect to that claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).